UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
EXECUTIVE COLLISION, LLC,

                                        Plaintiff,

            -against-

STANDARD FIRE INSURANCE COMPANY,

                                        Defendant.
------------------------------------------------------------

**MEMORANDUM &**
**TEMPORARY RESTRAINING**
**ORDER**
**25-CV-1636 (NGG) (CHK)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court held a hearing on Defendant Standard Fire Insurance Company's ("Travelers") Motion for a Temporary Restraining Order, (Dkt. 23), on June 12, 2026, with counsel for Plaintiff Executive Collision, LLC, and Travelers present. After hearing argument from the parties, the court makes the following FINDINGS:

The court concludes that Travelers has shown a likelihood of success on the merits in this case; Travelers has submitted evidence demonstrating a likelihood of irreparable injury, including harm to it employees, absent a temporary restraining order; the harm to Travelers that would result from a denial of the request for a temporary restraining order substantially outweighs any harm to Executive Collision that would result from the grant of the request; and that issuance of the requested temporary restraining order is in the public interest, as it upholds the integrity of the administration of New York State's insurance inspection scheme. No bond is required under Federal Rule of Civil Procedure 65(c) as Executive Collision has not shown that it will suffer harm absent the posting of a bond by Travelers.

It is therefore ORDERED that Executive Collision, its officers, agents, employees, and all persons acting in concert or participation with them, are enjoined from:

1

(1)    interfering in any way with Travelers' appraisers' inspections of insured vehicles;

(2)    engaging in any conduct that threatens, intimidates, harasses, or otherwise creates an unsafe or hostile environment for Travelers' appraisers;

(3)    imposing unreasonable, arbitrary, or retaliatory restrictions on the scheduling or commencement of appraisals.

Upon further fee application, the court may in its discretion: (1) award Travelers its reasonable costs, expenses, and attorneys' fees incurred in connection with this motion; and (2) award Travelers reimbursement of all expenses it has incurred until and including today, June 12, 2026, in retaining an independent appraisal company to perform inspections that Executive Collision's misconduct has rendered unsafe for Travelers' own appraisers to conduct.

The court sets June 24, 2026 at 2:00 P.M. for a hearing on Travelers' motion for a preliminary injunction. Each party must submit its witness list for the hearing to the court by June 19, 2026. The court requires that Travelers send its own appraisers for any inspections at Executive Collision between today, June 12, 2026, and the date of the hearing, June 24, 2026. The court also prohibits Travelers from scheduling any appraisals on Executive Collision's premises on any Friday between June 12 and 24, 2026.

SO ORDERED.

Dated:    Brooklyn, New York
          June 12, 2026

                                        s/Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

2